ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

TERRY O. PAULIN, and
YAOSKA BERMUDEZ,

             Defendants.

- - - - - - - - - - - - - - - - - - x

INDICTMENT

13 CRIM 595

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 0 6 2013

COUNT ONE

The Grand Jury charges:

1. In or around July 2013, in the Southern District of New York and elsewhere, TERRY O. PAULIN and YAOSKA BERMUDEZ, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that TERRY O. PAULIN and YAOSKA BERMUDEZ, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 812 and 841(a)(1).

3. The controlled substance involved in the offense was 100 kilograms and more of marihuana, a controlled substance,

JUDGE DUFFY

in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.).

## COUNT TWO

The Grand Jury further charges:

4. On or about July 9, 2013, in the Southern District of New York, TERRY O. PAULIN, the defendant, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

5. The controlled substance involved in the offense was less than 50 kilograms of marihuana, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(D); Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

6. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, TERRY O. PAULIN and YAOSKA BERMUDEZ, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting and derived from any proceeds the defendants obtained directly and indirectly as a result of the offense and any and all property

2

used and intended to be used in any manner and part to commit and to facilitate the commission of the offenses alleged in Counts One and Two of this Indictment.

### SUBSTITUTE ASSETS PROVISION

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Sections 641, 981(a)(1)(C), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Section 853)

_____  
FOREPERSON

_____  
PREET BHARARA  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

TERRY O. PAULIN and
YAOSKA BERMUDEZ,

Defendants.

INDICTMENT

13 Cr.

(21 U.S.C. §§ 812, 841(a)(1),
841(b)(1)(B), 841(b)(1)(D), 846,
and 853;
18 U.S.C. § 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____ Foreperson.

8/6/13 Filed Indictment
Judge Netburn